| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Susan Fairchild<br>Agent: Alexander Carlson | Telephone: (313) 226-9577<br>Telephone: (313) 450-2590 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Juan Pablo GUZMAN-GUZMAN

Case: 2:25−mj−30603
Assigned To : Unassigned
Assign. Date : 9/22/2025
Description: CMP USA v
Guzman−Guzman (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 22, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Alexander Carlson, Border Patrol Agent
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 22, 2025

_____
Judge's signature

City and state: Detroit, MI

Anthony P. Patti, U.S. Magistrate Judge
Printed name and title

# **AFFIDAVIT**

I, Alexander Carlson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Juan Pablo GUZMAN-GUZMAN, a native and citizen of Mexico.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for GUZMAN-GUZMAN, for a violation of 8 U.S.C. §1326, Unlawful Re-Entry Following Removal. I have not included every fact known to law enforcement related to this investigation.

3. On or about March 20, 2000, GUZMAN-GUZMAN was encountered by Border Patrol Agents near Calexico, CA after he entered the United States from Mexico without having been inspected, admitted or paroled into the United States. He received a Voluntary Return to Mexico the same day.

4. On or about March 20, 2000, GUZMAN-GUZMAN was encountered by Border Patrol Agents near Calexico, CA after he entered the United States from Mexico without having been inspected, admitted or paroled into the United States. He received a Voluntary Return to Mexico the same day.

5. On or about April 28, 2007, GUZMAN-GUZMAN was encountered by Border Patrol Agents near Laredo, Texas after he entered the United States from Mexico without having been inspected, admitted or paroled into the United States. He received a Voluntary Return to Mexico the same day.

6. On or about February 20, 2010, GUZMAN-GUZMAN was encountered by Officers at San Ysidro, CA Port of Entry. Guzman presented a fraudulent DSP-150 card as he attempted to enter the United States (Form DSP-150 is the official designation for the U.S. B-1/B-2 Visa and Border Crossing Card (BCC), a document issued to Mexican citizens who reside in Mexico, allowing them to enter the United States for business or pleasure. It functions as both a nonimmigrant visitor visa and a border crossing card, enabling travel for up to six months when requested and for shorter periods, such as 30 days within a 25-mile border zone without a standard admission (I-94) form).  The card included a false name and the photograph of another person.  GUZMAN-GUZMAN told the Officers he paid $100 USD for the card.  GUZMAN-GUZMAN was processed as an Expedited Order of removal (I-860) and removed to Mexico on February 20, 2010.

7. On or about October 15, 2018, GUZMAN-GUZMAN was encountered by Border Patrol Agents near Romulus, Michigan and processed as a Reinstatement of a prior order (I-871). On October 30, 2018, GUZMAN-GUZMAN was removed to Mexico through the Laredo Columbia Bridge, Texas Port of Entry.

8. On or about December 26, 2018, GUZMAN-GUZMAN was encountered by Officers at the Bridge of the Americas, Texas and processed as an Expedited Removal with a Credible Fear Claim. On March 26, 2019, an Immigration Judge determined GUZMAN-GUZMAN was unable to provide a valid claim of credible fear. On March 26, 2019, GUZMAN-GUZMAN was removed to Mexico through the Paso Del Norte, Texas Port of Entry.

9. On September 22, 2025, Gibraltar Station Border Patrol Agents conducted a targeted encounter on GUZMAN-GUZMAN at or near Lincoln Park, MI. Border Patrol Agents approached GUZMAN-GUZMAN, identified themselves as Border Patrol Agents, and conducted an immigration inspection on GUZMAN-GUZMAN.  The agents determined that GUZMAN-GUZMAN was an alien who unlawfully entered the United States at a time and place other than as designated by the Secretary of The Department of Homeland Security of the United States.  The agents placed

GUZMAN-GUZMAN under arrest and transported him back to the Gibraltar Border Patrol Station for further processing.

10. While at the Gibraltar Border Patrol Station, GUZMAN-GUZMAN's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that GUZMAN-GUZMAN is a citizen of Mexico, with no record of obtaining permission to re-enter the United States following his last removal on March 26, 2019.

11. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

12. Review of the Alien File (A# XXX XXX 125) for GUZMAN-GUZMAN, and queries in U.S. Department of Homeland Security databases confirm no record exists of GUZMAN-GUZMAN obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States after his removal from the United States on March 26, 2019.

13. Based on the above information, I believe there is probable cause to conclude that on or about September 22, 2025, at or near Lincoln Park, MI, in the Eastern District of Michigan, Southern Division, Juan Pablo GUZMAN-GUZMAN, a native and citizen of Mexico, who was previously removed from the United States on or about March 26, 2019, via Paso Del Norte, Texas to Mexico, was thereafter found in the United States, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a).

_____

Alexander T. Carlson, Border Patrol Agent
U.S. Department of Homeland Security


Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____

Honorable Anthony P. Patti
United States Magistrate Judge

September 22, 2025

4